Case number 22-1102, R.J. Control Consultants, Inc. et al. v. Multiject, LLC et al. The oral argument is not to exceed 15 minutes for the plaintiffs and 15 minutes to be shared by the defendants. Mr. Scheibel, you may proceed for the appellants. Good morning. I'm Eric Scheibel. I'm counsel for the appellant, R.J. Control. And Paul Rogers, who I'd like to introduce is here in the courtroom with us this morning. I'd also like to introduce my partner, Jonathan Zweig. I would also like to reserve four minutes for rebuttal, please. We're asking as the appellant that the district court's decision to grant summary judgment be reversed for two reasons. The first is there's no dispute, there's a valid copyright, and there's no dispute that it was copied. What the district court said was because there was no expert evidence in the record that summary judgment was appropriate. And we disagree with that for several reasons. The first reason is... Before you get into it, I have a question about our appellate jurisdiction. It seemed like there was an amended counterclaim by Multiject. How was that resolved before the district court, or was that resolved? There was an amended complaint early on, Judge, before the first appeal. Like I said, I'm not following... Amended counterclaim by Multiject, where they were... That was not addressed in the lower level. Okay, so do we have jurisdiction here that that counterclaim is still out there? That's a good question. We certainly... They haven't appealed that. We appealed the decision as to the primary complaint. So what do you think the status is of the counterclaim in the district court at this point? Is it still pending? I believe it's abandoned. Has the district judge issued any order with respect to the counterclaim? It's disposing of it? He has not, Judge Bush. Well, let me be clear. Judge Cone did not, who had the case first, and Judge Lawson inherited the case after Judge Cone retired. Neither judge issued an order as related to the counterclaim, and specifically Judge Lawson, when he dismissed our primary complaint on the motion for summary judgment. Judgment was entered. I'm sorry? Judgment was entered in the case. Yeah, that's correct. But it did not address, neither judge addressed the counterclaim. I guess we'll ask your opposing counsel what they think about where the counterclaim is at this point. Fair enough. The Copyright Act doesn't stipulate that you need an expert witness. Like the, for example, medical malpractice claim, where you need an expert witness. The case that this circuit adopted, the Jay Leola case, it's unpublished, but it dealt with the Michigan product liability statute, where an expert is required. Well, I mean, you attempted to identify an expert, right? We did. All right, and wouldn't that suggest that you believe an expert was required? Not required, Judge Mathis. Certainly we reserve the right to use an expert. Here we have Mr. Rogers, who is the creator of this copyright, who is the person who designed this control system software. It's not, for example, like a Google or an Apple or Adobe, where it's folks from around the world are contributing to this design. We have the person here who can speak specifically to what he created out of whole cloth.  We designated him as a fact witness. I believe he could qualify as an expert, but when we did our disclosures, we did not identify him as an expert. And that's a distinction with a material difference in our view, because this law has been evolving. This court's decision in Cohut 20 years ago reset a standard when we're talking about substantial similarity. So from a practical standpoint, Your Honors, as this evolves as a practitioner, it's difficult to keep up with what the standard is as much as it is for the courts. Go back just a minute. Yes, Judge Gibbons. The problem here was not that you failed to identify an expert. It was that you failed to file the expert report. That was the issue that Judge Lawson said, yes, there was no expert report. And you were required to file one that would have revealed the content of the expert testimony in broad terms. In broad terms, that's correct. I would note also for the record that neither of the defendants' expert filed a report. No party in this case filed an expert report. They had a difference. Their experts weren't retained. Their experts worked for the companies, right? I believe one was employed. Judge Mathis, one was a consultant or somehow affiliated with the company. Regardless, in my view, if they're going to rely on them as experts, they would have filed a report, and they didn't either, regardless if they believed they could have been qualified as an expert. And we've gone through the Dawbert analysis. Regardless of that, the report wasn't filed. Do you agree you had an obligation to file a report? At some point we did. I do, Judge Bush. What's your position of when you needed to file the report? Well, because of the timing of this case on remand, because, of course, this court had the first case, on the time of remand there's open discovery issues that the magistrate needed to resolve. We went through motions there. And then the case, the summary judgment deadline came up, and nobody had filed reports yet. So our view was that we had the ability to file those within 90 days of the trial date. That was not consistent with the district court's order, however, was it? No, Judge Gibbons, it did not say that we had until 90 days before trial. In fact, we didn't have a trial date at all. At any point in this case, there was never a trial date set by either Judge Cohn or Judge Lawson. What were you basing the 90 days before trial deadline on? Under the disclosure rules that we could up to 90 days before trial, you could disclose that. The federal disclosure? Yes, the 26th. Okay. But Judge Lawson had entered an order with a specific date, and that date was never changed, right? That's correct. And you just ignored that date? Well, I don't know whether we ignored Judge Gibbons to say that we had open discovery and there were open issues because of what this court said back on remand. We didn't have the ability at that point because of the open discovery to even provide an expert report. I'm looking at the order saying order extending deadlines issued on April 30, 2021. And that one, it looks like, I think this is the last order regarding the deadlines for dispositive motions and motions challenging experts. And it says they must be filed on or before July 14, 2021. I believe that is the latest order, Judge. That was the last order, okay. So were the experts, were any of the experts deposed in the case? None, Judge. No experts were deposed? None filed reports. None filed reports. But presumably, weren't you on notice, the fact that the deadline was July 14 for challenging experts, weren't you on notice that reports needed to be out in time? Because presumably you can't challenge an expert unless you know what the expert is going to say. We did disclose in the initial expert disclosures what the expert might testify to. So sure, we're on notice of that. But the fact of the matter is nobody filed reports. Everybody proceeded because of the open issues in this case. That nobody did any expert discovery. They didn't request it of us. We didn't request it of them. And here's why, from our perspective, Your Honors, it's a distinction with a huge difference. The Copyright Act does not require expert testimony. And so by Judge Lawson making the decision that is a precursor to the summary judgment motion, that without an expert we lose, with all due respect, we think that's wrong. This Court's decision, sorry Judge Mathis. In our last decision, didn't we suggest that we would have to do a line-by-line analysis of the software code? Correct, Your Honor. And I think Is that what you want this Court to do, a line-by-line analysis of the code? No, Judge Mathis. One, I think Judge Lawson took that line from Lexmark, which was referenced in this Court's prior decision. And I don't believe the Copyright Act requires. I don't believe that's what Lexmark says, actually. I think it's impractical, number one, but I don't think Lexmark requires a line Was there an abuse of discretion for Judge Lawson to require an expert and to require expert reports? I believe it was an abuse of discretion, Judge Gibbons, to say that we needed an expert report to survive summary judgment and then have an expert testify at all because the Copyright Act does not require expert testimony. If you look at this Court's decision in Cole House, where we talk about substantial similarity, it goes into grave detail. This Court goes into grave detail saying it's a layperson standard and you don't need to rely on experts. If I, as a district judge, were faced with this particular case, I am pretty sure that I would feel that I needed some expert testimony to be able to appropriately decide the case. And I believe it would be in my discretion to say we need experts. And then if you need experts, you need expert reports. So the sides can be apprised of each other's experts' contentions in advance. So I just don't see, I think for you to take the position that no expert was required and therefore you didn't have to file an expert report when Judge Lawson had said to the contrary, I think the fight should have been when the deadline was set, not before the Court of Appeals later. Judge Gibbons, with all due respect, and I need to sum up, this prior Court's decision didn't say that experts were required. In fact, because they're not. It said that they may be desirable, but they're not required. And so reading this, that's law of the case. For us in the practice, again, with this law changing over the last 20 years, all we can do is look at what the cases say and what specifically this Court said. And it didn't say an expert was required. It may be desired but not required. And we have the man here. That's a question of fact that we believe should have gone to the jury. Mr. Rogers can testify as to what is the line-by-line, what he did, and that's all in his declaration that's before this Court, and I need to stop unless there are any other questions. Did he provide a line-by-line analysis in his affidavit? No, he did not. Because one, Judge Mathis, it's impractical in our belief, and two, we don't believe that's what Lexmark required, and that's where the misinterpretation came in with Judge Lawson. Any other questions? Thank you, Your Honors. All right. It looks like Mr. McDonnell is going to argue for ten minutes and Mr. Perdue for five. Is that right? Good morning, Your Honor. May it please the Court, Richard McDonnell on behalf of Jack Elder and Multiject, the two of the defendants and appellees here. I want to first address a couple of things that counsel said in his argument. Can you start with a jurisdiction question about the counterclaim? If we don't have a final judgment, I don't think we have jurisdiction to hear this appeal, do we? Well, I think what happened was that the state court claims were dismissed without prejudice. I'm not sure that the court said of the counterclaims or the original complaint because the defendants were state court claims in terms of defenses and, excuse me, the counterclaim. So I don't know if Judge Cone originally made a distinction. Do you consider the counterclaims to have been dismissed from the case? Well, I don't think our plan would be to proceed in a federal court that no longer will have jurisdiction if the copyright claim is disposed of. So you're representing that they have been withdrawn? They haven't been withdrawn. My understanding was that the court dismissed them without prejudice, possibly because it wasn't going to retain any kind of jurisdiction because there's no fact. The court dismissed them without prejudice. What would be the place in the docket sheet where we would find that? It would probably be under the original dismissal with Judge Cone and possibly also the judgment. In the first, before this matter came before us, the first time you moved for summary judgment on the claims that the plaintiffs brought. But did you move for summary judgment on your counterclaim? No, we did not. No, and that first summary judgment was on all of the, well, actually the second one too, all of the claims, both state court and federal. And again, Judge Lawson decided that, well, I'm going to dismiss the last vestige of the copyright claim that was still surviving after it had gone to this court of appeals, and therefore he decided that being the case, we're no longer retaining jurisdiction to listen to any state court claims was my understanding. Your Honor, proceeding, I understand that in this original matter, the allegations in the complaint were that, in both the complaint and the amended complaint, were that we used certain software and put it into a machine to make it work. And as I think Judge Cone mentioned in his original order, you know, that sounds impotent. That's not a copyright violation, and that hasn't changed. Those allegations are still the same, even in the amended complaint. Also, in reference to counsel's argument about the reports that were issued, our experts fall under a different subsection, under Rule 26. Our obligations were slightly different than theirs for a retained expert under 26A2B. So they had to provide that kind of report, as Judge Mathis, you alluded to, the line-by-line sort of analysis of it. It's a more comprehensive thing because of the retained expert. We fully complied with Rule 26, but ours was slightly more limited as per the rule. So I dispute that. Relative to the question of Mr. Rogers being used as a fact witness or whatever, I agree, Judge Mathis, with you. I don't know, or excuse me, with Judge Gibbons' observation that I don't know how the district court judge could go through and analyze and compare this sort of software and make the determination of artistic expression versus functional discretion without expert testimony going through that. I don't know how that's possible. I know that you probably are not experts in copyright. Judge Lawson is not an expert. And we now know that the U.S. Supreme Court is not an expert on the Internet. So my point is that it's absolutely necessary. There doesn't have to be a statute that says that you have to have an expert. This is for us to decide. If I file an affidavit with the court in support of my summary judgment motion or in response of it, I have to decide what has to go in there, what the court absolutely needs. In this case, Judge Lawson is a gatekeeper. His initial determination is copyrightability. And he has to make that analysis based on this very comprehensive case that came down from this court, Lexmark. And Lexmark went into great detail. Judge Lawson even said in his opinion, look, Lexmark teed up everything that you needed to say. In fact, the last Court of Appeals opinion teed up exactly what you need to do in order to get past this. So they had an expert that they listed, but they decided not to use him. They decided for whatever reason not to file a report. I think the court should consider that there's a reason that they didn't want to file the report. One, either the expert couldn't do it because it couldn't find their creative expression in this minimal amount of software that just makes the machine go back and forth, or two, it's cost prohibitive. But that was their decision to make. And I don't think that Judge Lawson has to live with that. I think he correctly decided by going through the tests that he did in his comprehensive opinion that there was insufficient evidence presented to go to the jury. Keep in mind that with the state court decision or claims dismissed without prejudice, the plaintiffs still have recourse in this case. They still can argue if they want to argue that Mr. Elder should pay five times the going rate for his services. They could make that argument if they think it's going to be successful in a state court. But I think in terms of copyright analysis, they're out. Their code is basically a recipe to make this machine work. And it's a functional thing. If you look through it, you can't find any artistic expression. It's very similar to something that, you know, a recipe you'd find in any kind of cookbook. It tells you, you need so much flour, so much sugar, so much of this. Preheat the oven, grease the pan, and that sort of thing. And then you'll produce an outcome. The reason I say that this is the copyright illusion is because this is the circular that the Copyright Office actually submits and tells you what is not copyrightable. So I think the point being that I don't think that Judge Lawson abused his discretion. I think he absolutely had to have an expert. I don't know how you do an analysis like this. We have this court's opinion in the original case here, and we have Lexmark's very detailed discussion on what's supposed to happen as an analysis. Judge Lawson, I think, is very concerned. This case has been going on for six years, excuse me, seven years. It's been two years since their expert's report was due, and we still haven't seen one today. So I don't know how you can move forward on a case like that. Thank you. All right, Mr. Perdue. May it please the Court, my name is David Perdue. I represent RSW in this case, the defendant. And as Mr. McDonald alluded to, as Judge Cohn alluded to, the right to stop someone else from making or using or selling something that you've produced arises under the Patent Law. And the Copyright Law gives the owner the right to exclude other people from making copies, distributing those copies, and so on. It does not give the owner the right to exclude others from using. I'd like to talk about challenging the copyright in this case. The copyright claim is registered in the Copyright Office, and regardless of that registration status, defendants are entitled to and have challenged whether or not there is an enforceable copyright on the ground that there is no eligible subject matter in the software at issue. Because that software is functional, and to the extent that it may contain creative expression, that creative expression cannot be extricated for consideration. It is interwoven necessarily with the functional aspects of the software. Judge Lawson did rule that plaintiffs' right to an expert was lost, and Judge Lawson did indicate that without expert testimony, plaintiffs could not prevail. Judge Lawson went on to explain that plaintiffs did not present any evidence to identify creative expression, and to extricate that from the functional language so that we could identify any aspect that's eligible for copyright protection. So, with or without an expert, plaintiffs were faced with motion for summary judgment, and it was incumbent upon them to create or identify an issue of material fact. They did not undertake a merger analysis, and did not undertake a merger analysis, and did not identify within that code the line or the lines or in toto aspects of the software that constituted creative expression. So the merger doctrine requires that we find that the software in toto is not eligible for copyright protection. The software in to is not eligible for protection under the copyright law. Beyond that, defending RSW rests on its briefs. Thank you for your time. May it please the court. Counsel just referenced the fact that with or without expert testimony. I think he understands that, again, it's not required under the Copyright Act. And looking at the law of the case from this court's prior decision, at the end of the opinion at page 458, the question, rhetorical questions, which aspects or lines of the software code are functional, which are expressive, which are commonplace or standard in the industry, which elements, if any, are inextricably intertwined, without any record evidence, whether expert or not, set off by hash marks. To answer these material questions, there indeed remains a genuine factual dispute. Now, in the record before Judge Lawson, Mr. Rogers' affidavit addresses, his declaration addresses all those questions. There is record evidence, there's survived summary judgment that answers every single one of those questions. There is no standard in the industry, he's testified to, that's undisputed. He talks about how many ways and combinations that, based on his creativity, he came up with the software code. That's the roadmap that this court gave to these parties. That's what we answered. There is no requirement anywhere that you need an expert. And the Cohus case from this court talks about that, even at the sub-level of analysis when you're talking about substantial similarity. There's no requirement anywhere to impose that on us. The district court usurped the power of the jury, the fact finder, and ignored the questions of fact that were created by Mr. Rogers' affidavit. Lexmark, again, I urge the court to look back. Lexmark, in our view of it, does not require a line-by-line reading of software code to compare it. One, it would be very impractical. Are you challenging the exclusion of your expert? Yes. Because we still may want him to testify at trial. That's all. That becomes a litigation strategy question. I'm saying for purposes of summary judgment, we don't need to have expert testimony. Well, if you might use him at trial, and the district court sets a date for the production of his report, aren't you required to follow that order from the judge? Yes. And instead of dismissing the case... And if you don't follow it, isn't it the court's discretion to decide what to do about that? Yes, Judge Gibbons, but I believe dismissal of the case is an extreme sanction. When you look at the Roberts-Exrell-Johnson case, it's substantially similar to this expert report disclosure issue that we have in this case. And in that case, the sanction wasn't dismissal of the lawsuit. It was their expert had to live with what a prior expert had opined or had disclosed. And so there are other remedies short of dismissal, the extreme nature of the dismissal that we believe applies here. And I need to sum up, if I may, unless you have anything... Why did you all not ever submit a report? I'm sorry, Judge Bush, I didn't hear you. Why didn't you ever submit the expert report? It seems like even if you were late, you would still want to get it in. I mean, it just seems odd that you're... You agree you have to have an expert report, but you've never disclosed it. Well, there is a requirement. Yes, I agree that Judge Lawson issued an order that said if you're going to have an expert, you have to follow the rules, the core rules, which I disagree that we don't have different... Did you object to the order that required it because you didn't think an expert was required or because you didn't intend to hire one or any of those things? My time's up. May I answer your question, Judge Gibbons? Yes. No, we did not object to the order. We don't believe an expert is required to survive summary judgment and get to trial. And so that gets in the litigation strategy based on how this court and the other courts in the Sixth Circuit have laid out this issue. Any other questions, Your Honors? I think not. We'll consider the case carefully. We appreciate your argument. Thank you very much.